IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| SIRINA ROBINETT | | PLAINTIFF |
| VS. | NO. 4:11-CV-670JMM | |
| C.L.A. INCORPORATED, d/b/a SUBWAY/PIZZA PRO; ALAN COVINGTON and MICHELLE COVINGTON, each Individually and d/b/a SUBWAY/PIZZA PRO | | DEFENDANTS |

## AGREED PROTECTIVE ORDER REGARDING FORENSIC EXAMINAITON OF THE PLAINTIFF'S COMPUTER

**BACKGROUND**

The Plaintiff, Sirina Robinett, brings the present action against the Defendants, C.L.A. Incorporated, d/b/a Subway/Pizza Pro and Alan Covington and Michelle Covington, individually and d/b/a Subway/Pizza Pro, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*, and the Arkansas Minimum Wage Act. The Defendants employed the Plaintiff in the Defendants' restaurant business, and the Plaintiff contends that the Defendants required her to work off the clock without compensation. This contention forms the basis for the Plaintiff's Complaint. One of the Plaintiff's specific contentions is that the Defendants required her to watch real-time video feeds over the internet from one of the Defendants' restaurants while the Plaintiff was at home and off the clock. The Plaintiff contends that she watched the video on her personal laptop computer (Acer brand id # as5630-6288) (the "computer") and was able to do so because she loaded a

1

program on the computer that was made available for download by the surveillance system vendor for this purpose. The Plaintiff further contends that the viewing software retains information regarding log-in dates, times, and durations of log-in status; there may be other information on the computer as well (such as browser cache files) that the parties may contend is relevant to their claims and defenses (the "data"). The surveillance company has no information regarding the Plaintiff's alleged use of the viewing software. The Plaintiff, through her counsel, represents that the computer can be turned on to display the viewing program icon but that the program is no longer bootable so that the viewing software cannot be accessed. The Defendants want to verify, if possible, the existence of the viewing software on the computer and to determine if the data is recoverable. The Defendants have requested that the Plaintiff make the computer available for forensic imaging of the computer's hard drive, and the Plaintiff has agreed to such an examination at the Defendants' expense. For the foregoing reasons, the parties agree to the entry of this protective order and to the terms stated herein.

**LEGAL STANDARD – PROTECTIVE ORDER**

Under Fed R. Civ. Proc. 26(c), the Court may issue protective orders during discovery, including an order "forbidding the disclosure or discovery," "specifying the terms, including time and place, for the disclosure or discovery," "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c). The Supreme Court has interpreted Rule 26(c) as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S. Ct. 2199 (1984). The data is potentially relevant in this case, and the Defendants are entitled to

2

a fair opportunity to discover the existence and recoverability of the data. The Plaintiff, in turn, is entitled to protection of her personal and confidential information on the computer that is not related to or relevant as evidence to the matters alleged in her Complaint in order to avoid unwarranted disclosure of such information. Therefore, the Court, in consideration of the premises contained herein concludes and orders as follows:

1. A computer forensic expert selected by the Defendants (the "expert") shall execute the confidentiality agreement attached hereto as Exhibit "A" and shall abide by this Protective Order.

2. The Plaintiff shall make the computer available to the expert at its place of business by overnight shipment at the Defendants' expense. The Defendants' undersigned counsel shall provide the shipping address to the Plaintiff's counsel. The expert will return the computer to the Plaintiff's counsel promptly after the hard drive has been imaged and is no longer necessary for recovery of the data.

3. The expert may not remove the computer from its premises. Moreover, only the expert and the expert's employees assigned to this project are authorized by this order to inspect or otherwise handle the computer. Neither the Defendants nor the Defendants' counsel will handle the computer. The expert will maintain all programs, files, images, documents, and information on the computer, including the data ("protected materials") in the strictest confidence and shall maintain a copy of the mirror image of the computer's hard drive and the protected materials until 60 days after the conclusion of this litigation. Upon notice to the expert that the litigation is concluded, the expert shall destroy the mirror images, the protected materials, and the media containing the same, unless the Plaintiff requests that these items be transferred to her, at her expense.

3

4. Promptly after imaging the computer, the expert shall provide the Defendants' counsel with a report describing the computer and the contents recovered from the hard drive. The Defendants' counsel, but not the Defendants or their employees, may discuss the contents of the recovered hard drive with the expert in order to ascertain if data exists in a recoverable form and, if so, how best to produce the data for use in this litigation. Ultimately, the expert shall provide the relevant data to the Defendants' counsel in a reasonably convenient and searchable form along with, to the extent possible, the information showing when any files were created, accessed, copied, or deleted, and the information about the deletion and the contents of deleted files that could not be recovered.

5. The Defendants' counsel shall provide to the Plaintiff's counsel the report described above as well as the recovered data. The Defendants' counsel shall disclose to the Defendants or their employees and agents only that data which counsel stipulate pertains to the present case. If the parties cannot agree on the scope of relevant data, either party may submit the data to the Court for *in* camera inspection to determine what may and may not be disclosed. The stipulation, if any, is not to be construed as a stipulation of relevance or admissibility of the data, and all such objections are reserved by all parties.

6. After the Defendants' counsel provided the Plaintiff's counsel with the report and data, as described above, the Plaintiff may solicit additional information from the expert regarding the data at her expense. Because the expert is the Defendants' expert and a potential witness for the Defendant, the Plaintiff or the Plaintiff's counsel cannot communicate directly with the expert except with permission of the Defendants' counsel or in the presence of the Defendants' counsel.

4

7.  In the event that the computer is lost or damaged during transport to or from the expert as a part of this forensic evaluation or is otherwise incapable of forensic examination and recovery, then no party to this action can argue any inference against the other party based upon the loss of the computer or the inability to recover the data. Loss of or damage to the computer during transit or during the forensic examination does not prevent the Plaintiff from testifying as to the contents of the computer or her use of it based on her personal knowledge. The parties agree that the following stipulation can be read to the jury in the event that the computer is lost or damaged in the course of the transportation or examination of the computer, to the extent that the computer will no longer boot to the extent that it did prior to the examination:

> Ladies and gentlemen of the Jury, the Plaintiff contends that she used her personal laptop computer to perform off-the-clock work for her employer. She contends that she used programs on the computer for this purpose called "Multicam 3.40" and "Remote Viewlog 3.40". Because the computer has been damaged through no fault of either party, it is not available for use here in court. Therefore, the parties stipulated that the programs, "Multicam 3.40" and "Remote Viewlog 3.40", were on the computer before it was damaged but that the programs were inoperable at the time the computer was damaged. This stipulation is not an admission by the Defendants that the Plaintiff used the computer to perform work and should not be considered by you as evidence that the Plaintiff used the computer for work. The Plaintiff has the burden of proving the amount of work she performed for the Defendants without compensation.

Notwithstanding the foregoing stipulation, the Defendants reserve all objections to introduction of evidence about, related to, or recovered from the computer.

8. Notwithstanding the forensic evaluation contemplated by this Agreed Protective Order, the burden remains with the Plaintiff to prove that she used the viewing software and the amount of time she claims to be uncompensated work by the use of the software. Loss of or damage to the computer or the inability to recover data from the computer does not alter the Plaintiff's burden of proof.

9. By initiating this forensic examination of the computer, the Defendants do not waive any contention or argument regarding the Plaintiff's alleged use of the viewing software, including the Plaintiff's contention that the viewing software was not useable at the time the forensic examination was requested by the Defendants or before the computer were damaged in the course of the forensic examination.

IT IS SO ORDERED.

_____
James M. Moody
United States District Judge

Date: 2/14/12

Agreed:

FUQUA CAMPBELL, P.A.
Attorneys at Law
425 West Capitol Avenue, Suite 400
Little Rock, Arkansas 72201
(501) 374-0200
Attorneys for the Defendants

_____
By: David M. Fuqua
Ark. Bar No. 80048
E-mail: dfuqua@fc-lawyers.com

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S SHACKLEFORD STE 400
LITTLE ROCK, Arkansas 72211
PHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

_____
BY: Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com
Attorney for the Plaintiff

7

## **CONFIDENTIALITY AGREEMENT OF THE EXPERT**

The undersigned individual, described in the Court's protective order as the "expert" states that he has read the order and, in consideration of his being hire for a fee to conduct a forensic examination of the computer agrees:

1. The expert will abide by the terms of the protective order in all of its particulars and agrees to submit himself to the jurisdiction of the Court for purposes of enforcement of the protective order and this confidentiality agreement.

2. The expert will keep the contents of the computer hard drive confidential and will not disclose or discuss the information recovered from the hard drive with anyone except as provided by the terms of the protective order.

Name: _____
Title: _____
Company: _____